IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:08CV12 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNKNOWN MONELLI, Douglas | ) | |
| County Sheriff's deputies, and JOHN | ) | |
| DOE, Douglas County Sheriff's | ) | |
| deputies, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on January 8, 2008. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on January 8, 2008, naming as Defendants Douglas County Sheriff's Deputies "Monelli and John Doe, etc." (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are almost completely illegible and are extremely difficult to decipher. However, Plaintiff generally alleges that he appeared in Douglas County, Nebraska District Court on December 27, 2007. (*Id.*) Plaintiff's allegations are related to the December 27, 2007 hearing and comments regarding another individual who was present in that courtroom on that date. The court cannot determine from the Complaint who made these comments. Plaintiff alleges that he was "escorted" from the courtroom by Defendants which "violated our right of free speech association." (*Id.* at CM/ECF pp. 1-2.) Plaintiff seeks "appropriate damages." (*Id.* at CM/ECF p. 3.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). A pro se complaint should be construed liberally. *See Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002). However, whether filed by a represented plaintiff or a pro se plaintiff, a complaint must allege facts sufficient to state a claim as a matter of law. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799 (8th Cir. 2006). "Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced. Pro se litigants must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Stringer*, 446 F.3d at 802 (internal citations and quotation marks omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state

2

law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint. As set forth above, almost all of Plaintiff's allegations are unreadable. The allegations which the court can decipher do not nudge Plaintiff's claims across the line from conceivable to plausible. In short, Plaintiff does not allege that he was deprived of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Even with the most liberal construction, Plaintiff's Complaint does not include "sufficient facts to support the claims advanced." *Stringer*, 446 F.3d at 802. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint in order to state a claim upon which relief may be granted against these two Defendants. In the absence of the filing of an amended complaint, this matter will be dismissed without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted. However, Plaintiff shall have until **May 12, 2008** to amend his Complaint. In the absence of Plaintiff's filing an amended complaint, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915(e)(2).

2. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review case for amended complaint on **May 12, 2008** and dismiss if none filed.

3. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

April 4, 2008. BY THE COURT:

                                                  s/ Joseph F. Bataillon
                                                  Chief United States District Judge